# EXHIBIT A

# 1577CV01813 Cencarik, Stefan vs. Navient Solutions, Inc.

| | | | |
|---|---|---|---|
| Case Type | Torts | Case Status | Open |
| Status Date: | 11/03/2015 | File Date | 11/03/2015 |
| Case Judge: | | DCM Track: | F - Fast Track |
| Next Event: | | | |

| All Information | Party | Tickler | Docket | Disposition |
|---|---|---|---|---|

## Party Information

### Cencarik, Stefan - Plaintiff

Alias

| Attorney/Bar Code | Phone Number |
|---|---|
| Cencarik, Esq., Stefan Edward (666766) | |

More Party Information

### Navient Solutions, Inc. - Defendant

Alias

| Attorney/Bar Code | Phone Number |
|---|---|
| Markowski, Esq., Jennifer L. (655927) | |

More Party Information

## Ticklers

| Tickler | Start Date | Days Due | Due Date | Completed Date |
|---|---|---|---|---|
| Service | 11/03/2015 | 90 | 02/01/2016 | 11/23/2015 |
| Answer | 11/03/2015 | 120 | 03/02/2016 | |
| Rule 12/19/20 Served By | 11/03/2015 | 120 | 03/02/2016 | |
| Rule 12/19/20 Filed By | 11/03/2015 | 150 | 04/01/2016 | |
| Rule 12/19/20 Heard By | 11/03/2015 | 181 | 05/02/2016 | |
| Rule 15 Served By | 11/03/2015 | 120 | 03/02/2016 | |
| Rule 15 Filed By | 11/03/2015 | 150 | 04/01/2016 | |
| Rule 15 Heard By | 11/03/2015 | 181 | 05/02/2016 | |
| Discovery | 11/03/2015 | 300 | 08/29/2016 | |
| Rule 56 Served By | 11/03/2015 | 330 | 09/28/2016 | |
| Rule 56 Filed By | 11/03/2015 | 360 | 10/28/2016 | |
| Final Pre-Trial Conference | 11/03/2015 | 482 | 02/27/2017 | |
| Judgment | 11/03/2015 | 730 | 11/02/2017 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 11/03/2015 | Original civil complaint filed. | 1 |
| 11/03/2015 | Civil action cover sheet filed. | 2 |

| Docket Date | Docket Text | File Ref Nbr. |
|---|---|---|
| 11/03/2015 | Demand for jury trial entered. | |
| 11/03/2015 | Appearance entered<br>On this date Stefan Edward Cencarik, Esq. added for Plaintiff Stefan Cencarik | |
| 11/03/2015 | Case assigned to:<br>DCM Track F - Fast Track was added on 11/03/2015 | |
| 11/23/2015 | Service Returned for<br>Defendant Navient Solutions, Inc.: Service through person in charge / agent; | 3 |
| 12/11/2015 | Appearance entered<br>On this date Jennifer L. Markowski, Esq. added for Defendant Navient Solutions, Inc. | |
| 12/11/2015 | Party(s) file Stipulation<br>to Extend Time to Respond to Complaint<br><br>Applies To: Cencarik, Stefan (Plaintiff); Navient Solutions, Inc. (Defendant) | 4 |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
ESSEX DIVISION
CIVIL NO. *1577CV01813 -P*

```
**********************************************
Stefan E. Cencarik                           *
                                             *
              Plaintiff                      *
v.                                           *
                                             *
Navient Solutions, Inc.                      *
                                             *
                                             *
              Defendant                      *
**********************************************
```

**FILED**
IN THE SUPERIOR COURT
**COMPLAINT**
FOR THE COUNTY OF ESSEX

NOV 0 3 2015

*Thomas H. Driscoll Jr.*
CLERK

### SUMMARY

**NOW COMES** the Plaintiff, who files his Complaint for legal and equitable relief

against the Defendant, Navient Solutions, Inc. based on its unfair, deceptive, and predatory

private educational loan underwriting and administration practices. The Plaintiff, a duly licensed

attorney in the Commonwealth accepted four (4) private educational loans in the total of amount

of $72,000.00 for graduate school tuition and expenses from the Defendant. Navient Solutions,

Inc., a subsidiary of SLM Corporation (Sallie Mae), is a publicly-traded, student loan servicer

that oversees $300 billion in student loans to over 12 million borrowers.  In late 2014, the

Plaintiff uncovered a pattern of conduct that indicates that the Defendant made material

misstatements and concealed material financial information during the loan application and

disbursement process.  The Plaintiff also discovered that the Defendant has routinely misapplied

and converted monthly payments; overcharged interest; concealed interest rate adjustment and

calculations; and has stalled, delayed, and misled the Plaintiff into an effort to conceal its

unscrupulous business practices prior to loan issuance and during the administration of the

1

Plaintiff's loans. The loans that are the subject of this Complaint have never been in default; are in repayment status; and the Defendant's account statement records reveal that the Plaintiff has repaid the original amounts borrowed. The Defendant's acts and/or omissions have enabled it to overcharge $49,905.74 in interest for a set of loans in the original amount of $72,000.00.

## PARTIES

1. The Plaintiff, Stefan E. Cencarik, is a resident of Essex County, Massachusetts.

2. The Defendant, Navient Solutions, Inc.is a foreign corporation with a principal address of 2001 Edmund Halley Drive, Reston, Virginia and whose registered agent in the Commonwealth is Corporation Service Company, 84 State Street, Boston, Massachusetts.

## FACTS

3. On or about June 2, 2003, the Plaintiff and Defendant entered into a promissory note in the amount of $19,148.94 for graduate school educational tuition and expenses. The Loan number is xxxxxxxxxxxx6666 (hereinafter "Loan 6666").

4. The Amount disbursed from the Defendant to the Plaintiff was in the principal amount of $19,148.94. The amounts were disbursed in two separate portions on August 8, 2003 and January 2, 2004 respectively.

5. On or about May 19, 2004, the Plaintiff and Defendant entered into a promissory note in the amount of $22,000.00 for graduate school educational tuition and expenses. The Loan number is xxxxxxxxxxxx6674 (hereinafter "Loan 6674").

6. The Amount disbursed from the Defendant to the Plaintiff was in the principal amount of $22,000.00. The amounts were disbursed in two separate portions on August 18, 2004 and January 3, 2005 respectively.

7. On or about May 3, 2005, the Plaintiff and Defendant entered into a promissory note in the amount of $20,212.76 for graduate school educational tuition and expenses. The Loan number is Loan #: xxxxxxxxxxxxxx6682 (hereinafter "Loan 6682").

8. The Amount disbursed from the Defendant to the Plaintiff was in the principal amount of $20,212.76. The amounts were disbursed in two separate portions on August 12, 2005 and December 30, 2005 respectively.

9. Loan numbers 6666, 6674, and 6682 claim to be an "Excel Grad Loan" which is a "private education loan[s] that complement the Federal Stafford Loan program. They are designed for graduate and professional student who have borrowed their maximum Federal Stafford loan amounts but still have remaining college expenses."

10. On or about January 22, 2006, the Plaintiff and Defendant entered into a promissory note in the amount of $10,638.30 for graduate school educational and related fees and expenses. The Loan number is xxxxxxxxxxxxxx6690 (hereinafter "Loan 6690").

11. The Amount disbursed from the Defendant to the Plaintiff was in the principal amount of $10,638.30, which was disbursed on January 30, 2006.

12. Loan number 6690 claims to be a "B&B Excel Loan (bar and board) for law students to help eligible borrowers obtain those funds."

13. The four (4) loans described above were applied for via an online application at the web-site for the Defendant, or its affiliates, www.salliemae.com and/or www.nelliemae.com. The application process was simple and yielded an instant approval. The application process involved nothing other than the Defendant asking for basic borrower details (name, address, birthday, social security number, and emergency contact information), graduate school information, loan amount requested, and an electronic signature.

3

14. All of the aforementioned loans did not provide any option to elect a fixed interest rate. Each of the promissory notes provided the Plaintiff with either the option to elect a monthly variable interest rate or annual variable interest rate. All of the loans contain provision for a monthly variable interest rate.

15. The Defendants made no inquiry into whether the Plaintiff had the financial means or ability to repay any of the four (4) loans. The Defendant presumably conducted a credit check with one of the three consumer reporting agencies, and conducted no due diligence into whether the Plaintiff would be able to afford repayment of interest that would accrue and/or capitalized according to a variable interest rate.

16. All of these loans are currently in repayment status and have never been in default.

17. SLM Corporation, a/k/a Sallie Mae, originated the above loans and its subsidiary, Navient Corporation is the loan servicer.

**THE DEFENDANT'S ACTS AND/OR OMISSIONS DURING LOAN UNDERWRITING**

*Failure to Make Reasonable and Fair Disclosures about the Cost of Borrowing Prior to Issuance of the Four Loans*

18. At the time that the aforementioned loans were issued, the Defendant failed to make full, complete, and fair disclosures concerning material financial information for each of the four (4) loans. The Defendant did not disclose the following material information during the loan application and underwriting process, or at loan disbursement:

    a. The actual interest rate at that date and time;

    b. A projection of the total amount of interest charged over the lifetime of the loans at the actual interest rate;

    c. A description and amount of all servicing and origination fees charged at loan disbursement;

4

d. A projection of the variable interest rates that could be assessed to the loans;

e. A projection of the total amount of interest that could accurate pursuant to a variable rate;

f. The amount of interest that would accrue on each loan if monthly payments were deferred by the Plaintiff while he attend school full-time;

g. A description of how any pre-paid interest charges were financed and applied to the loan.

19. The Defendant did not disclose the information necessary for the Plaintiff to make an informed decision so as to understand the cost of borrowing and/or any information provided to the Plaintiff at the time that promissory notes were signed were both misleading and/or confusing. The Defendant failed to make clear disclosures early in the loan application process and failed to disclose material facts at the time that such loans were approved. The Plaintiff would have declined the four loans if he possessed the information that the Defendant concealed at the time in which it underwrote the loans.

### *Misleading Statements Regarding Repayment Options and Capitalization of Interest*

20. The Defendant made misleading statements in its promissory notes that unreasonably encouraged the Plaintiff to elect an option that would allow capitalized interest to accumulate on the loan, thereby, increasing the Defendants' profit margins on each loan.

21. The promissory notes for the four loans provide three options for repayment: (1) Option 1 - Pay principal and interest while in school; (2) Option 2 - Pay on interest while in school at least half time; (3) Option 3- Defer principal and interest while in school at least half time (hereinafter "Option 3").

22. The promissory notes provide no specific detail or projections about how interest would
   capitalize if "Option 3" (defer principal and interest while in school) were elected by the
   student borrower.

23. The description for "Option 3" makes an improper suggestion that the borrower elect
   Option 3 by stating that: ""Deferring both principal and interest will result in the highest
   overall finance charges, including a 2% deferral fee; full-time graduate students
   sometimes choose this option because they do not have the income to make payments
   while in school."

24. The Defendant improperly suggested to the Plaintiff that "Option 3" was the best
   repayment option since the Plaintiff was a full-time student and did not sufficient income
   to repay the loan while attending school full time. The Defendant knew or should have
   known that an uninformed consumer borrower, such as the Plaintiff, would rely on this
   suggestion to his detriment. The Defendant made no inquiry as to whether the Plaintiff
   had the means or ability to make payments while enrolled in school full-time or after
   graduation.

25. The Defendant and its promissory notes intentionally failed to disclose to the Plaintiff
   that he could elect to change repayment to either Option 1 or Option 2 while enrolled at
   school.  The Defendant intentionally failed to disclose to the Plaintiff that either: electing
   Option 1 or Option 2, or switching from Option 3 to Option 1 or Option 2, would avoid
   the substantial capitalization of interest on the four loans. The Defendant did not send the
   Plaintiff monthly payment amounts or payment coupons so that he could make principal
   and interest payments. The Defendant provided no means via its Web-site or written
   forms for the Plaintiff to request any change in election of repayment options to either

6

Option 1 or Option 2. At the time that Option 3 was elected, the Defendant failed to

inform the Plaintiff whether that selection was revocable, causing the Plaintiff to believe

that Option 3 was an irrevocable election.

26. As a result of the Defendants' misleading statements, the Plaintiff accepted the terms of

the loan agreement and elected to defer principal and interest payments pursuant to

Option 3.  Without notice to the Plaintiff, the Defendant then charged the Plaintiff

Twenty-Nine and Two-Tenths percent (29.2%) interest on these four loans over a three

(3) year period. A total of $72,000.00 was borrowed from the Defendant and then it

charged $21,027.99 in capitalized interest in a three (3) year period, which ballooned

these fours loans to $93,027.99.

*TILA and Regulation Z Violations*

27. As set forth below, the Defendant violated the Truth in Lending Act (TILA) against the

Plaintiff with private student loans totaling less than $25,000.00 per loan by failing to

deliver accurate disclosures clearly and conspicuously in writing, in a form that the

consumer may keep prior to the consummation including, without limitation, failing to

disclose interest rates; fees; insurance premiums; repayment terms; and underwriting

criteria.

28. The Defendant failed to conspicuously disclose its private loan underwriting criteria and

the terms of its private student loans prior to consummation of the transactions it engaged

in.

29. The Defendant waited to make any disclosures to the Plaintiff until Plaintiff had already

begun classes or until their schools had received the loan funds, at which time Plaintiff

7

had no choice but to accept the loan terms or to forego school for a semester. In any

event, the Defendant never fully disclosed the loan terms to the Plaintiff.

30. Even if Plaintiff was informed of the terms of his loans, by the time that occurred, he

effectively had no opportunity to reject the loan in favor of an alternative as it was too

late into the semester for Plaintiff to apply for any other student loan.

31. The student loan transaction was effectively consummated at the time the Defendant or

its affiliated agents provided the Plaintiff's schools notification that it would fund the

student's loan, at which time the schools allowed Plaintiff to take classes and purchase

books, with the agreement that the school would receive those funds directly from the

Defendant or one of Defendant's agents, at a later date.

32. By failing to timely make the required disclosures, the Defendant effectively denied the

Plaintiff a meaningful disclosure of credit terms so that Plaintiff would be able to

compare more readily the various credit terms available to them and avoid the

uninformed use of credit.

33. Additionally, by failing to comply with disclosure requirements, the Defendant

systemically decreased its competition among the various financial institutions and other

firms engaged in the extension of student loans which would be strengthened by adequate

timely disclosures.

**THE DEFENDANT'S ACTS AND OMISSIONS DURING LOAN ADMINISTRATION**

*Failure to Send Monthly Statements Evidencing Capitalization of Interest*

34. During the period that the Plaintiff was enrolled in school on a full time basis for the

period of August 2003 through May 2006, the Plaintiff was not provided with monthly

statements that evidenced the amount of interest that was charged, any increase or

decrease in the variable interest rate, or the monetary amounts that were capitalized. The

Defendant did not provide the Plaintiff with sufficient information to determine whether

the repayment terms for the promissory notes should have been amended to "Option 1" or

"Option 2" so that he could either make principal and interest payments, or just interest

payments, rather than continuing to elect and use the defer principal and interest payment

option ("Option 3").

35. The Defendant concealed the amount of interest that was charged and capitalized on all

four loans.  For example, the Defendant concealed the fact that the interest rate for Loan

numbers 6666, 6682 and 6674 rose to 9.25% for the period of July 1, 2006 to September

30, 2007, thereby, substantially increasing the interest due on the loans.

36. The Defendant raised and lowered interest rates a total of seventy-six (76) times between

August 2003 and August 2009. The Defendant did not provide notice of any increase or

decrease of interest rates; failed to disclose how it calculated such rates, and did not state

how it would apply monthly payments to any interest due under the new rates.

***Failure to Properly Apply Account Payments, Intentional Accumulation of Interest, and
Arbitrary and Self-Serving Application of Payments to Principal and Interest***

37. The Defendant uses an arbitrary system for calculating how it calculates interest and

principal application of payments. By doing so, the Defendant has failed to apply

payments in a fair and equitable manner so as to minimize any capitalization of interest.

38. After several written requests from the Plaintiff, the Defendant refuses to disclose any

formulas or calculations for how it assesses interest charges, and applies payments to

interest and principal.

39. The Defendant has failed to properly apply payments and account for amounts that were unapplied, as well as improperly applied payments to interest and failed to pay principal amounts, thereby allowing additional interest to accumulate.

**_Loan No. 6666_**

40. On February 8, 2007, the Plaintiff made a payment to the Defendant in the amount of $182.92. The entire payment of $182.92 was applied to interest and no amounts were applied to the principal balance. The loan was not in default at this time. As a result of these actions, the principal balance remained at $23,513.29 for a two (2) month period. This action occurred so that the Defendant could maintain the principal balance at an exact amount for two months, and charge additional interest for the loan.

41. On April 1, 2008, the Plaintiff made a payment to the Defendant in the amount of $185.78. $67.28 was applied to principal and $5.48 to interest. The sum of $113.02 was unapplied and unaccounted for. These amounts were unlawfully converted by the Defendant.

42. On August 10, 2009, the Plaintiff made a payment to the Defendant in the amount of $131.69. The entire payment of $131.69 was applied to interest. As a result of these actions, the principal balance remained at $26,002.80 for a two (2) month period. This action occurred so that the Defendant could maintain the principal balance at an exact amount for two months, and charge additional interest for the loan.

43. On April 5, 2011, the Plaintiff made a payment to the Defendant in the amount of $131.70 was made on this loan. Of this amount paid, only $29.07 was applied to the principal balance and $102.63 was paid toward interest. Similar occurrences of this payment application followed on May 6, 2011, June 6, 2011, and July 6, 2011. Here, the

Defendant applied approximately twenty-two percent (22%) of the payment amount to the principal balance. By applying payments in this manner for a period of four (4) months, the principal balance only decreased by $127.18 after the Defendant had received $527.90 on this loan.

44. On September 10, 2012, the Plaintiff made a payment to the Defendant in the amount $212.99. Only $35.34 was applied to the principal balance and $177.65 was applied to interest. As a result of these actions, the principal balance only decreased by $35.34 over a one (1) month period.

**Loan No. 6674**

45. On November 20, 2006, a supplemental fee in the amount of $510.12 was applied to this account. This fee has no basis in the promissory note, and no disclosures were provided to the Plaintiff concerning this fee. This fee and its subsequent capitalization unfairly increased the amount of interest on this loan.

46. On August 10, 2009, the Plaintiff made a payment to the Defendant in the amount of $144.78. The entire $144.78 payment was applied to interest. The loan was not in default at this time. As a result of these actions, the principal balance did not decrease and the Defendant earned greater interest by failing to reduce the principal balance.

47. On February 23, 2010, the Plaintiff made a payment to the Defendant in the amount of $145.09 was made on this loan. From this amount paid, only $33.21 was applied to the principal balance and $111.88 was paid toward interest. Similar occurrences followed on March 29, 2010, May 5, 2010, and June 11, 2010, which was approximately twenty-two percent (22%) of the payment amount received by the Defendant that was actually applied to the principal balance. By applying payments in this manner for a period of

11

four (4) months, the principal balance only decreased by $79.81 after the Defendant had

received $579.46 on this loan.

48. On January 10, 2012, the Plaintiff made a payment to the Defendant in the amount

$144.78.  Only $36.73 was applied to the principal balance and $108.05 was applied to

interest.  As a result of the Defendant's actions, the principal balance only decreased by

$36.73 over a one (1) month period.

49. On September 10, 2012, the Plaintiff made a payment to the Defendant in the amount

$234.16.  Only $38.76 was applied to the principal balance and $195.40 was applied to

interest.  As a result of these actions, the principal balance only decreased by $38.76 over

a one (1) month period.

**Loan No. 6682**

50. On November 20, 2006, a supplemental fee in the amount of $442.03 was charged by the

Defendant to this account.  This fee has no basis in the promissory note.  This fee and its

subsequent capitalization unfairly increased the amount of interest on this loan.

51. On February 8, 2007 and March 6, 2007, the Plaintiff made a payment to the Defendant

in the amount of $174.20.  The entire $174.20 payment was applied to interest.  The loan

was not in default at this time.  As a result of these actions, the principal balance did not

decrease and the Defendant earned greater interest by failing to reduce the principal

balance.

52. On February 23, 2010 and March 29, 2010, the Plaintiff made a payment to the

Defendant in the amounts of $125.75 and $125.49.  In this instance, the Defendant only

applied $28.64 and $20.21 toward the principal balance, and applied $96.96 and $96.85

towards interest.  In this instance, there was no reasonable calculation of how the

12

Defendant applied this payment to principal and interest, and the Defendant failed to pay down the principal balance so that the Defendant could earn more interest.

53. On January 5, 2011, the Plaintiff made a payment to the Defendant in the amount of $125.49. Only $7.58 was applied toward the principal balance, and $117.91 was applied towards interest. In this instance, the Defendant improperly applied amounts paid to the Defendant, and decreased the principal balance by a meager $7.58 so as to earn greater interest on this loan.

**Loan No. 6690**

54. On November 20, 2006, a supplemental fee in the amount of $228.62 was charged by the Defendant to this account. This fee has no basis in the promissory note. This fee and its subsequent capitalization unfairly increased the amount of interest on this loan.

55. On May 6, 2008, a payment was made in the amount of $112.31. This entire payment was applied to interest and the principal balance remained the same for a period of two months, which allowed the Defendant to charge more interest on this loan.

56. On December 9, 2008, the Plaintiff made a payment to the Defendant in the amount of $81.02 was made on this loan. Only $1.17 was applied toward the principal balance, and $79.85 was applied toward interest. In this instance, the Defendant applied a minimal amount to principal so as to earn more interest on this loan. This activity then occurred subsequently on January 6, 2009, February 6, 2009, March 4, 2009, April 8, 2009, May 5, 2009, June 25, 2009, August 10, 2009, and September 7, 2009. In this case there are nine (9) separate instances of where the Defendant applied a monthly payment to interest only, and failed to apply payments to the principal balance. During the period between December 9, 2008 and September 7, 2009, a period of nine (9) months the principal

13

balance was only reduced by $42.00 after the Defendant had received $810.18 in total payments.

57. On May 5, 2010 and June 11, 2010, the Plaintiff made two payments to the Defendant in the amount of $81.02. Of these amounts paid the Defendant only applied $7.38 and $7.42 to the principal balance, and $73.64 and $73.60 was applied toward interest. This calculation was arbitrary and was solely intended to increase interest due on this loan.

58. On January 5, 2011, the Plaintiff made a payment to the Defendant in the amount of $81.02 was made and no amounts were applied towards the principal balance. In this instance, the Defendant failed to pay any principal balances so as to increase the interest on this account.

59. The Defendant's actions have made it impossible to pay down the principal balances of the four (4) loans, and the Defendant uses arbitrary calculations and formulas to derive maximum financial gain from the Plaintiff.

### Failure to Disclose Material Loan Information; Communicate and Deal Fairly with the Plaintiff

60. In September 2014, the Plaintiff examined a written news report concerning the Defendant's participation in a scheme to defraud and overcharge 78,000 active military service members who had loan obligations to the Defendants. The Plaintiff learned that the Defendant had engaged in the practice of charging military service members excessive interest and fees while those service members were either engaged in active duty and/or deployed outside of the United States. Since that time, upon knowledge and belief, the Defendant has entered into a settlement agreement, and will reimburse those affected 78,000 borrowers and service personnel a total sum of $60,000,000.00.

61. On October 1, 2014, the Plaintiff began an inquiry to determine whether he had been subject to unfair loan administration and deceptive practices during the underwriting process. The Defendant has previously demonstrated an intent and willingness to defraud military personnel who fight and support the United States, and the Plaintiff, therefore, started to investigate how the Defendants have treated average private loan borrowers, such as the Plaintiff.

62. On October 1, 2014, October 7, 2014, October 27, 2014, November 5, 2014 and March 23, 2015, the Plaintiff made five (5) written requests for the Defendant to explain in detail, and provide all of the information concerning the variable interest rates assessed to the aforementioned loans, how capitalized interest was calculated, how interest was calculated, how payments were applied, and for a payment history.

63. The Defendant failed to adequately respond to each of these five requests; provide partial responses; and has not made full disclosure of all of the material calculations and financial details concerning each loan.

64. On July 15, 2015, the Plaintiff served a G.L. ch. 93A demand letter on the Defendant, and the Defendant provided no substantive response, and declined to provide any further information to the Plaintiff, despite demand.

65. On August 20, 2015, the Defendant falsely represented to the Plaintiff that it was "investigating" the Plaintiff's claims and issues raised in his July 15, 2015.  The Plaintiff's request for the results and timeframe for the "investigation" were ignored by the Defendant.

66. On September 9, 2015, the Plaintiff filed a Complaint with the United States Consumer Financial Protection Bureau.

67. On September 21, 2015, the Defendant filed a response stating that it "was still working on your issue" and to expect a response within another sixty (60) days, or words to that effect. The Defendant provided no substantive response.

68. On October 28, 2015, the Defendant filed a response to the United States Consumer Financial Protection Bureau, which did not specifically address the issues raised concerning loan disclosures prior to loan disbursement and during loan administration. Specifically, the Defendant failed to address nineteen separate instances where it misapplied payments, used arbitrary calculations to determine principal and interest payments, and outright converted payments.

69. The Defendant intentionally stalled, delayed, and hindered the Plaintiff from discovering material information concerning how each loan was administered. The Defendant's acts and/or omissions were a willful attempt to conceal its actions described above, as well as discourage the Plaintiff from investigating the Defendant's conduct prior to the issuance of these loans as well as the administration for these loans for the past twelve (12) years.

*Late Fees*

70. Since January 2015, the Plaintiff has made regular monthly loan payments to the Defendant past the due date, under protest, and, as such, the Defendant has charged late fees in the separate amount of $35.35.

71. The Defendant withdrew any late fees directly from each monthly loan payment, and did not provide the Plaintiff the option of paying the late fee in addition to the regular monthly payment.

72. By charging late fees in this manner, the Defendant has enabled itself to reduce the amounts paid towards principal, and increase the amounts paid towards interest and fees. Such actions are unfair and taken for pecuniary gain.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF M.G.L. CH. 93A, § 9,
### THE MASSACHUSETTS CONSUMER PROTECTION STATUTE

73. The Plaintiff incorporates by reference Paragraphs 1 - 72.

74. The Defendant is engaged in the business of consumer lending and servicing student loans.

75. In its dealings and/or transactions with the Plaintiff, the Defendant engaged in trade or commerce as defined by G.L. c. 93A, § 1(b).

76. On July 15, 2015, the Defendant was timely served by the Plaintiff, at their principal addresses, with a demand letter pursuant to G.L. ch. 93A, § 9(2), and such demand letter complies with the specifications prescribed by the statute. Exhibit A.

77. The Defendant engaged in a series of predatory, deceptive, and unfair business practices during the loan application process for each loan, and, after loan disbursement, during the administration and management of each Loan.

78. The Defendant misled the Plaintiff into executing four promissory notes by:

   a. Employing an oversimplified system for applying for and obtaining student loan financing. The four (4) loans described above were applied for via an online application at the web-site for the Defendant, or its subsidiaries and/or affiliates, www.salliemae.com and/or www.nelliemae.com. The application process was

simple and yielded an instant approval. During this process, the Defendant failed
to make full and fair disclosures during the loan application process;

b.  Unfairly and unnecessarily encouraging the Plaintiff to elect an option that would
allow capitalized interest to accumulate on the four (4) Loans while he attended
school, thereby, allowing it to increase its interest and profits on the loans.

c.  Failing to make any disclosures to the Plaintiff until the Plaintiff had already
begun classes or until their schools had received the loan funds, at which time
Plaintiff had no choice but to accept the loan terms or to forego school for a
semester. Regardless, the Defendant never fully disclosed the loan terms to the
Plaintiff.

d.  Concealing material financial information concerning each loan so that the
Plaintiff could make an informed decision and understand the cost of borrowing
from the Defendant. The promissory notes did not provide the Plaintiff with any
fair estimation of the cost of repaying each Loan. Instead, the promissory notes
provide a misleading and vague hypothetical "loan cost" scenario that has no
relation to the particular facts of the four (4) loans. This scenario did not
adequately represent the terms of the four loans as it assumed a fixed rate scenario
as a variable rate scenario that was elected in this case.

e.  Failing to provide adequate notice or projection of the potential variable interest
rate, and the potentially rapid growth of interest that occurred on the four loans.
For example, the Defendant raised and lowered the interest rate a total of twenty-
seven (27) times between August 2004 and January 2009 for Loan No. 6674. Of
these twenty-seven (27) adjustments, seventeen (17) of these adjustments

comprised interest rate increases that the Defendant conducted without providing the Plaintiff notice of any adjustments. The Defendant was either aware or should have been aware that a borrower like the Plaintiff would place himself in a perilous financial position when electing a monthly variable rate, and should have made adequate and fair disclosures prior to issuing these loans.

    f.   Failing to disclose the actual interest rate for any of the four Loans, and merely addressed what a potential monthly payment would be during repayment.

79. During the course of the administration of the four (4) Loans, the Defendant has repeatedly delayed, mislead, and avoided providing fair and accurate information concerning capitalized interest assessed, calculations of how interest rates were determined, calculations concerning how payments were applied to principal and interest The Defendant has:

    a.   Failed to provide monthly statements concerning any variable interest rate increase with an explanation of how interest was calculated and the amounts that would accrue on each Loan;

    b.   Failed to provide the Plaintiff, while he attended school full-time, with proper notice of the option to make principal and/or interest payments to avoid and/or mitigate capitalized interest;

    c.   Delayed and ignored written requests for material information concerning the loans from the Plaintiff with the intent to stall, hinder or delay the Plaintiff. The Defendant concealed material facts concerning the calculation of interest, calculation on how payments were applied to principal and interest.

    d.   Failed to apply monthly loan payments to principal amounts due and converting monthly loan payments;

    e.   Used arbitrary and nebulous calculations to apply loan payments to interest rather than principal, and failing to account and/or explain for payments that were unapplied to the Loans. These actions made it impossible to pay down principal amounts on the loans.

    f.   Charged and assessed late fees, and intentionally failed to provide the Plaintiff with the option of paying late fees in addition to the monthly payment then due. The Defendant instead charge a late fee as part of the monthly payment, which did not allow the Plaintiff the opportunity to pay down principal in the amount of late fees.

    g.   On two separate instances, falsely representing that it was "investigating" the Plaintiff's claims; all in an effort to conceal its fraudulent activities and hinder the Plaintiff from discovering the Defendant's lending abuses.

80. The Plaintiff's written request for restitution embodied in his Chapter 93A demand letter was met with disregard, and Defendant failed to make a reasonable offer of settlement. Exhibit B.

81. The conduct described herein constitutes unfair and deceptive practices that are prohibited by M.G.L. ch. 93A.

82. As a result of the Defendant's conduct, the Plaintiff has suffered damages, including, but not limited to the following: excessive and unjust interest charges in the amount of $49,905.74, and legal fees and costs of action.

**COUNT II**
**NEGLIGENT MISREPRESENTATION**

83. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 - 82.

84. Prior to disbursement of each Loan and during the subsequent administration of each

Loan, the Defendant supplied false and/or misleading information to Plaintiff concerning:

    a.   The actual interest rates that were applied to each Loan;

    b.   The financial costs of capitalization of interest and the subsequent election to

        decline making principal and interest payments while attending school full-time;

    c.   The Defendant intentionally failed to disclose to the Plaintiff that he could elect to

        change repayment to either Option 1 or Option 2 while enrolled at school.

    d.   The amount of interest that was actually charged to the Plaintiff, or the amounts

        that were capitalized;

    e.   The financial method and calculations in which payments were applied to

        principal, fees, and interest; and

    f.   Representing that the "preferred option" for loan repayment while the Plaintiff

        attended school full-time was Option 3, to defer principal and interest payments.

85. The Defendant failed to exercise reasonable care or competence in obtaining and/or

communicating accurate and complete information prior to Loan disbursement and

during loan administration.

86. The Defendant's representations were false, negligent, and material.

87. The Plaintiff justifiably relied on the written misrepresentations made by the Defendant,

by entering into four Loan agreements, and by continuing to make all due monthly Loan

payments over a period of nine (9) years.

88. As a result, the Plaintiff has suffered damages.

21

## COUNT III
## VIOLATION OF THE TRUTH IN LENDING ACT, REGULATION Z
## 15 U.S.C. § 1601, *et seq.*

89. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 - 88.

90. The Truth in Lending Act was established on Congress's recognition that "economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit." 15 U.S.C. § 1601(a).

91. The purpose of the Truth in Lending Act is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 16019(a).

92. Regulation Z, codified in 12 C.F.R. 226, *et. Seq.* was issued by the Board of Governors of the Federal Reserve to implement the federal Truth in Lending Act found in 15 U.S.C. § 1601, *et seq.* 12 C.F.R. § 226.1(a).

93. The purpose of Regulation Z is "to promote the informed use of credit by requiring disclosures about its terms and costs." 12 C.F.R. § 226.1(b).

94. The Defendant's originating and servicing of private student loans subject it to the Truth in Lending Act.

95. The Plaintiff's four transactions and promissory notes described above were consumer transactions within the meaning of TILA, 15 U.S.C. § 1601 *et seq.* and Regulation Z, 12 C.F.R. § 226.

96. At all times material, the Defendant, in the ordinary course of business, regularly extended, offered to extend, or arranged for the extension of, credit to the Plaintiff for

which a finance charge is or may be collected, or which, by written agreement is payable in more than four installments, making the Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602(f) and Regulation Z, 12 C.F.R. § 226.2(a) (17).

97. In each transaction and for each member of the class, the Defendant violated the Truth in Lending Act and Regulation Z by failing to deliver accurate disclosures clearly and conspicuously in writing in a form that the consumer may keep, prior to the consummation including, without limitation, failing to disclose accurately and timely the following: (a) the "annual percentage" and how it varies in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z, 12 C.F.R. § 226.18(e) and (l);(b) as required by the Truth in Lending Act and Regulation Z; (b) the "finance charge" in violation of 15 U.S.C. § 1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and § 226.4, including the fees identified in 15 U.S.C. § 1605(a)(1)-(5); and (c) the "amount financed" in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(e).

98. As result of the Defendant' TILA and Regulation Z violations, the Plaintiff is entitled to statutory relief and damages.

### COUNT IV
### UNJUST ENRICHMENT

99. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 – 98.

100.     Based on the foregoing, the Defendant has been unjustly enriched at the expense of the Plaintiff, and he has suffered damages.

### COUNT V
### DECLARATORY JUDGMENT

101. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 – 100.

102. The questions and issues presented in this Complaint are on merit, involving the duties, rights, status and legal relations of the parties.

23

103. A declaration of the duties, rights, status and legal relations will terminate the controversy between the parties.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, Stefan E. Cencarik, requests that this Honorable Court enter judgment as follows:

104. Awarding the Plaintiff judgment in the amount of $49,905.00, and/or any additional amounts determined at trial;

105. Awarding the Plaintiff treble damages and attorney's fees and costs pursuant to M.G.L. ch. 93A;

106. Awarding the Plaintiff reasonable legal fees and costs of this action;

107. Enter a declaratory judgment stating that the four promissory notes referenced herein are void as a matter of law; unenforceable; and that such debts are not a legal and binding obligation.

108. Enter any other relief in favor of the Plaintiff that this Court deems just and proper.

## **JURY DEMAND**

The Plaintiff herein demands a trial by jury.

Respectfully submitted,

The Plaintiff
Stefan E. Cencarik
*Pro Se*,

October 30, 2015

Stefan E. Cencarik, BBO #666766
Law Office of Stefan Cencarik, PLLC
220 Broadway, Suite 105
Lynnfield, MA 01940
Tel: (617) 669-9780

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1577CV01813 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Stefan Cencarik vs. Navient Solutions, Inc. | Thomas H. Driscoll, Jr., Clerk of Courts |
|---|---|

| TO: Stefan Edward Cencarik, Esq.<br>Law Office of Stefan Cencarik, PLLC<br>220 Broadway<br>Suite 105<br>Lynnfield, MA 01940 | COURT NAME & ADDRESS<br>Essex County Superior Court - Lawrence<br>43 Appleton Way<br>Lawrence, MA 01841 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/01/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 03/02/2016 | |
| All motions under MRCP 12, 19, and 20 | 03/02/2016 | 04/01/2016 | 05/02/2016 |
| All motions under MRCP 15 | 03/02/2016 | 04/01/2016 | 05/02/2016 |
| All discovery requests **and depositions** served and non-expert despositions completed | 08/29/2016 | | |
| All motions under MRCP 56 | 09/28/2016 | 10/28/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/27/2017 |
| Case shall be resolved and judgment shall issue by | | | 11/02/2017 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**11/03/2015** | ASSISTANT CLERK<br>**Philip Massa** | PHONE<br>**(978)242-1900** |
|---|---|---|

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                          SUPERIOR COURT
                                  CIVIL ACTION NO.: 1577CV01813-D

STEFAN E. CENCARIK
                    Plaintiff,

v.

NAVIENT SOLUTIONS, INC.
                    Defendant.

## NOTICE OF APPEARANCE

Please enter the appearance of Jennifer L. Markowski of Peabody & Arnold LLP, Federal

Reserve Plaza, 600 Atlantic Avenue, Boston, Massachusetts 02210 on behalf of the Defendant,

Navient Solutions, Inc.


                              Respectfully submitted,

                              DEFENDANT,
                              NAVIENT SOLUTIONS, INC.
                              By their Attorney,


                              Jennifer L. Markowski, BBO#655927
                              Peabody & Arnold, LLP
                              Federal Reserve Plaza
                              600 Atlantic Avenue, 6th Floor
                              Boston, MA  02210
                              (617) 951-2100
                              jmarkowski@peabodyarnold.com


Dated:  December 7, 2015

## CERTIFICATE OF SERVICE

I, Jennifer L. Markowski, hereby certify that on this 2ʲ of December, 2015, I served by first class mail, postage prepaid, a copy of the within document upon the following counsel of record:

Stefan E. Cencarik, BBO#666766
Law Office of Stefan Cencarik, PLLC
220 Broadway, Suite 105
Lynnfield, MA  01940

Jennifer L. Markowski

858517_1
15633-200070

2

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                              SUPERIOR COURT
                                      CIVIL ACTION NO.: 1577CV01813-D

| |
|---|
| STEFAN E. CENCARIK |
|                          Plaintiff, |
| |
| v. |
| |
| NAVIENT SOLUTIONS, INC. |
|                          Defendant. |

## STIPULATION TO EXTEND TIME TO RESPOND TO COMPLAINT

The undersigned parties hereby stipulate and agree that the Defendant, Navient Solutions,

Inc., shall have an extension of time up to and including December 21, 2015, within which to

respond to the complaint.

                                        Respectfully submitted,

PLAINTIFF,                              DEFENDANT,
STEFAN E. CENCARIK                      NAVIENT SOLUTIONS, INC.
*Pro Se,*                               By their Attorney,


Stefan E. Cencarik, BBO#666766         Jennifer L. Markowski, BBO#655927
Law Office of Stefan Cencarik, PLLC    Peabody & Arnold, LLP
220 Broadway, Suite 105                Federal Reserve Plaza
Lynnfield, MA  01940                   600 Atlantic Avenue, 6th Floor
(617) 669-9780                         Boston, MA  02210
                                       (617) 951-2100
                                       jmarkowski@peabodyarnold.com


Dated:  December 7, 2015

## CERTIFICATE OF SERVICE

    I, Jennifer L. Markowski, hereby certify that on this 2nd of December, 2015, I served by first class mail, postage prepaid, a copy of the within document upon the following counsel of record:

Stefan E. Cencarik, BBO#666766
Law Office of Stefan Cencarik, PLLC
220 Broadway, Suite 105
Lynnfield, MA  01940

858503_1
15633-200070

Jennifer L. Markowski

2