UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14149-RWZ

STEFAN E. CENCARIK

v.

NAVIENT SOLUTIONS, INC.

MEMORANDUM OF DECISION

November 7, 2018

ZOBEL, S.D.J.

In this action against the servicer of his law school student loans, defendant Navient Solutions, Inc. ("NSL"), plaintiff Stefan Cencarik alleges violations of the Massachusetts consumer protection laws and the federal Truth in Lending Act ("TILA"). The complaint also includes claims for negligent misrepresentation and unjust enrichment.

Now pending before the court are plaintiff's motions to (i) Withdraw Claim and Request to Remand (Docket # 45); (ii) Amend Complaint (Docket # 17); and (iii) Compel Discovery and for Sanctions (Docket # 18); as well as (iv) Defendant's Motion for Protective Order (Docket # 21).

## I. Plaintiff's Motion to Withdraw Claim and Request to Remand

Plaintiff's motion to withdraw his TILA claim and to remand the action to state court is in two parts. The voluntary dismissal of the TILA claim is granted without prejudice to any motion by defendant for sanctions, attorney's fees, and/or cost related

to that claim. See Docket # 46 at 4-5; Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"). The request for remand is denied, however, because this court has subject matter jurisdiction over the remaining claims.

First, diversity jurisdiction is likely present because the parties are citizens of different states, see Docket #1-2 at 2, and the amount in controversy appears met on the face of the complaint. See id. at 24 (claiming damages of $49,905; treble damages and attorney's fees pursuant to Mass. Gen. Laws. ch. 93A; and seeking declaratory judgment voiding $72,000 in loan debt). Second, and in the alternative, the interests of "comity, judicial economy, convenience, fairness, and the like" favor exercising supplemental jurisdiction over the case's remaining claims notwithstanding dismissal of the sole federal cause of action. See Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256–57 (1st Cir. 1996) ("In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion.") (citing 28 U.S.C. § 1367(c)(3)). This litigation is over three years old, discovery has concluded, and there is no reason to further delay resolution of this matter with a needless remand.

## II.     Plaintiff's Motion to Amend

Plaintiff's motion to amend his complaint seeks to add NSL's parent company as a defendant and to allege new claims of equitable recission, civil conspiracy, conversion, and promissory estoppel. In support of the motion, plaintiff states only that amendment is "necessary to conform to evidence recently received in discovery" and

asserts that allowing the new complaint "will not delay this matter." Docket # 17 at 2.

Though "[a] court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "[t]his rule does not mean that 'a trial court must mindlessly grant every request for leave to amend ....'" Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 60–61 (1st Cir. 2013) (quoting Aponte–Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006)). Instead, a request to amend is appropriately denied when it is "characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" Calderón–Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)).

Here, plaintiff's request founders for several reasons including that it is very late in the life of this proceeding, that the amendment is largely futile, and that plaintiff has not complied with the relevant local rules. For purposes of this Memorandum of Decision, however, it is sufficient to note only that "[w]hen considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has ... the burden of showing some valid reason for his neglect and delay." In re Lombardo, 755 F.3d 1, 3 (1st Cir. 2014) (internal quotation marks omitted). Plaintiff has not attempted to justify seeking amendment at this late date, wherefore the motion is denied. See Somascan, Inc. v. Philips Med. Sys. Nederland, B. V., 714 F.3d 62, 64 (1st Cir. 2013) ("[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'"); U.S. ex rel. Hagerty v. Cyberonics, Inc., 146 F. Supp. 3d 337, 343 (D. Mass. 2015) ("[I]t is well-established that undue delay in moving to amend, even standing alone, may be ... an adequate reason [to deny a motion for leave to amend].") (internal quotation marks

omitted))).

### III. Plaintiff's Motion to Compel and For Sanctions

Plaintiff's discovery motion, which asks the court to order defendant to produce certain documents and provide "full and complete" responses to certain interrogatories, is denied. To the extent the requested discovery is sought "to determine the identi[ty] and liability of additional parties," Docket # 18 at 2, such discovery is not "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." See Fed. R. Civ. P. 26(b)(1). To the extent the requested discovery goes to "[d]efendant's deceptive and fraudulent system for calculating interest and applying payments to student loans," see Docket # 18 at 2, defendant has met its discovery obligations by producing "monthly loan statements ... showing, among other things, the interest rate at the time of each statement, the amount of unpaid interest, and the ramifications of capitalized interest"; "spreadsheets ... showing how each of [plaintiff's] payments were apportioned among principal, interest and other charges"; "origination documents ... setting forth the methods by which plaintiff's payments were calculated and applied"; and "NSL's account notes for the loans." See Docket # 29 at 2-3.

### IV. Defendant's Motion for Protective Order

Defendant has moved for a protective order regarding plaintiff's second set of discovery demands, which consist of four interrogatories, thirteen document requests,

and 135 requests for admission. Plaintiff's first set of discovery demands contained 270 requests for admission, 61 requests for production, and interrogatories that, while numbered 1 through 20, defendant contends actually amounted to 28 or more interrogatories. Defendant states that it responded to each of the written requests in plaintiff's first set of discovery demands and produced over 1,100 pages of documents. A protective order is appropriate, defendant argues, because the new requests are solely intended to harass and annoy as evidenced by "[t]he sheer volume of the discovery, lack of merit to plaintiff's claims, and plaintiff's continued failure to comply with the Federal Rules of Civil Procedure and Local Rules ...." See Docket # 21 at 4. Plaintiff responds that the discovery is proper and that the requested protective order is an attempt to obstruct him from obtaining necessary information about "(1) the identity of additional liable parties; (2) the chain of title for each student loan; (3) the process and procedures used by the Defendant for disclosures statements and signatures on alleged promissory notes; and (4) the Defendant's knowledge concerning any acts and/or omissions that occurred during the loan underwriting process." See Docket # 26 at 2.

      The Federal Rules grant the court "broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." Wilson v. Pharmerica Corp. Long Term Disability Plan, 2015 WL 4572833, at *2 (D. Mass. July 29, 2015). Here, I find that defendant has shown good cause justifying the protective order sought. The additional requests for admission and interrogatories (including discrete subparts) both exceed the number contemplated by the Local Rules, see L.R. 26.1(c), and the court agrees with defendant that the additional document requests are

unjustified given the nature of this litigation and the court's ruling on plaintiff's motion to amend.

**V.     Conclusion**

Plaintiff's Motion to Amend Complaint (Docket # 17) is denied.  Plaintiff's Motion to Compel Discovery and for Sanctions (Docket # 18) is denied.  Defendant's Motion for Protective Order (Docket # 21) is allowed. Plaintiff's Motion to Withdraw Claim and Request to Remand (Docket # 45) is allowed as to the withdrawal of the TILA claim and denied as to the request to remand.

Any dispositive motions shall be filed by December 10, 2018; any opposition thereto shall be filed by January 10, 2019.  The moving party may file a reply brief of no more than three pages by January 17, 2019.  The court will decide the motion(s) on the papers unless a party requests oral argument.

|   |   |
|---|---|
| November 7, 2018 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |